JAMES H. HILL & COMPANY, plaintiffs in error, *vs.* JOHN NEAL, defendant in error.

1. A *scire facias* to revive a judgment may issue in vacation on the parol application of the plaintiff to the clerk of the court where the record is, and no order of court is necessary to authorize the clerk to issue the writ.
2. It is not a good ground to dismiss a *scire facias* to revive a judgment that the plaintiff has caused an execution upon the judgment to be levied, and that the levy is still undisposed of.

Dormant judgment. *Scire facias.* Before Judge STROZER. Dougherty Superior Court. April Term, 1873.

*Scire facias* issued on December 22d, 1869, at the instance of John Neal, returnable to the next June term of Dougherty superior court, requiring James H. Hill & Company to show cause why a certain judgment against them for $6,-913 64 principal, besides interest and cost, obtained by W. W. Woodruff & Company, at the December term, 1857, of said court, and assigned to Neal, should not be revived. Hill & Company moved to dismiss said proceedings because said *scire facias* had not been issued under an order of court, and because at the time it was issued the execution based upon said judgment was levied upon various parcels of land, and plaintiff was pressing said levy to a sale, when stopped by the interposition of claims, all of which were still pending.

The motion was overruled and defendants excepted.

W. A. HAWKINS; LYON & IRVIN; VASON & DAVIS, for plaintiffs in error.

WRIGHT & WARREN, for defendants.

McCAY, Judge.

1. It is plainly implied from section 3607 of the Code, that a *sci. fa.* to revive a dormant judgment may issue in vacation. There is no hint in the section of any application to the court. The writ is to be signed by the clerk; he

is to make copies of it, and undoubtedly the uniform practice in this state has been for the clerk to issue the writ in vacation on simple application of the party seeking it, or his attorney. And this was and is the English practice. In Petersdorff's Abridgement, title *Sci. Fa.*, and note to the title, it is said, in terms, that the writ issues in vacation. In Tidd's Practice, 2 vol., 1122, it is said that the writ is made out by the plaintiff's attorney and signed by the signer of the writs. In Foster on *Sci. Fa.*, 73, Law Library, (Johnson's) it is said the writ is the declaration; that they are synonymous. In fact, the *sci. fa.* consists mainly in a recital of what appears of record in the keeping of the clerk; any additional fact recited therein is stated to be at the suggestion of the party suing out the writ: Foster on *Sci. Fa.*, (2.) At common law all suits, and this is in the nature of a suit, were commenced by suing out the writ, and this was always in vacation, and on the mere application of the plaintiff. The declaration was not filed until the defendant appeared. It is clear, therefore, to us that the practice uniformly pursued here in cases of *sci. fas.*, is as nearly in accord with the practice in England as the nature of our courts and officers will permit, and that a *sci. fa.* may issue in vacation by the clerk on the mere parol application of the party seeking it, and that it is proper for the clerk to make such recitals in it as the party shall suggest.

2. If there is an entry of a levy on the *fi fa.* and the judgment be in fact dormant, the levy is simply void; it is no levy, and the plaintiff, by suing out his writ, abandons it.

Judgment affirmed.